**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| REDEEMER FELLOWSHIP OF EDISTO ISLAND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:18-cv-02365-DCN |
| TOWN OF EDISTO BEACH, SOUTH CAROLINA | ) ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

**VERIFIED COMPLAINT FOR DECLARATORY RELIEF,**
**INJUNCTIVE RELIEF, AND DAMAGES**

COMES NOW the Plaintiff, REDEEMER FELLOWSHIP OF EDISTO ISLAND, complaining of the Defendant TOWN OF EDISTO BEACH, SOUTH CAROLINA. The Plaintiff alleges and will respectfully show unto the Court as follows:

**INTRODUCTION**

1.     This lawsuit challenges a new Town of Edisto Beach (the "Town") policy that opens the Town's Civic Center to "civic, political, business, social groups, and others" but prohibits Redeemer Fellowship of Edisto Island from using the Civic Center for its worship services. This targeted discrimination against religious speech violates our nation's most basic guarantees of free speech and free exercise of religion, and evidences hostility towards certain religious faiths.

2.     Redeemer Fellowship of Edisto Island ("Redeemer Fellowship" or the "Church") is a small church with a calling to love and serve the community of Edisto Beach, South Carolina.

1

3.      The Church's congregation outgrew its current meeting space in a church member's home, so the Church began seeking new space to rent in the spring of 2018.

4.      The Town Civic Center was a natural option. The Town has designated rooms within the Center that are widely available to "civic, political, business, social groups, and others" for rent.

5.      Redeemer Fellowship applied for, and rented, the Civic Center for its worship services on April 1, 2018, and May 6, 2018. At that time, worship services were not prohibited at the Civic Center.

6.      Because the space and location suited Redeemer Fellowship's needs, it requested permission to continue to meet in the Civic Center for its worship services.

7.      But at the May 10, 2018, Edisto Beach Town Council meeting, the Town Council voted to reject the Church's application and to amend the Edisto Beach Civic Center Facility Use Guidelines ("Amended Guidelines") to ban all rentals for "religious worship services."

8.      The Town's Amended Guidelines permit virtually all community groups to rent the Center for all expressive activities, with the sole exception of religious worship services.

9.      The Town's determinations and Amended Guidelines violate Redeemer Fellowship's rights under the Religion and Free Speech Clauses of the First Amendment to the United States Constitution, as well as the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Therefore, the Church seeks declaratory and injunctive relief.

## JURISDICTION AND VENUE

10.     This action arises under the United States Constitution and federal law, particularly 42 U.S.C. §§ 1983 and 1988.

11.     This Court is vested with original jurisdiction over these claims by operation of 28 U.S.C. §§ 1331 and 1343.

12.     This Court is vested with authority to grant the requested declaratory judgment by operation of 28 U.S.C. § 2201, *et seq*.

13.     This Court is authorized to issue the requested injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

14.     This Court is authorized to award damages pursuant to 28 U.S.C. § 1343(a).

15.     This Court is authorized to award attorneys' fees pursuant to 42 U.S.C. § 1988.

16.     Venue is proper in the United States District Court for the District of South Carolina under 28 U.S.C. § 1391(b), because the Defendant is located in the District of South Carolina, the events giving rise to the claim occurred within the District of South Carolina, and the subject property is located in the District of South Carolina.

## PARTIES

17.     Plaintiff Redeemer Fellowship of Edisto Island is a church established and existing as a nonprofit religious corporation under the laws of the State of South Carolina.

18.     Redeemer Fellowship's principal place of business is located at 3107 Myrtle Street, Edisto Island, South Carolina 29438.

19.     Defendant Town of Edisto Beach, South Carolina is a public body corporate and politically established, organized, and authorized under and pursuant to the laws of the State of South Carolina, with the authority to sue and be sued, and was at all times relevant herein, operating within the course and scope of its authority and under color of state law.

## STATEMENT OF FACTS

### Redeemer Fellowship of Edisto Island and Its Religious Mission

20.     Redeemer Fellowship is a new church of between 35-45 congregants.

21.     The Church began meeting in January 2018 and incorporated on March 27, 2018, in the State of South Carolina.

22.     Redeemer Fellowship and its congregants have sincerely-held religious beliefs that they are to regularly assemble with others to pray, study the Bible, sing religious songs, and share biblical insight.

23.     Redeemer Fellowship congregants meet weekly on Sundays for a corporate worship service and typically meet an additional day during the week in various small groups for Bible study, discussion, and prayer.

24.     The Church will also periodically gather for family events, to celebrate communion, to hold Vacation Bible School (VBS) for children, and for various other ministry activities.

### Redeemer Fellowship's Need for New Meeting Space

25.     Redeemer Fellowship currently lacks adequate meeting space for its religious meetings and ministry activities.

26.     Through the generosity of one of its church members, Redeemer Fellowship has been gathering for worship services in the garage space underneath a stilt home near the Town of Edisto Beach.

27.     This temporary meeting space is too small to adequately hold the Church's growing congregation.

28.     This temporary meeting space is not enclosed and is exposed to the elements and changing weather conditions.

29.    The inability to control the climate makes it difficult for the very young and elderly congregants to withstand the cold temperatures in the winter months and the heat and humidity of the South Carolina summer.

30.    The exposed meeting space also makes it difficult to store equipment and other materials used in the Church's worship services.

31.    Because its current arrangement was inadequate to meet the Church's needs, Redeemer Fellowship began seeking new space to hold its worship services.

32.    The Church hoped to find rental space that would (1) accommodate a growing congregation of up to 100 attendees for worship, (2) a church office,  (3) provide a place for Redeemer Fellowship to store music equipment, a podium, and other items the Church uses for its worship services, and (4) have adequate space for children's ministry.

### The Edisto Beach Civic Center

33.    The Edisto Beach Civic Center is operated by the Town of Edisto Beach.

34.    The Town welcomes "civic, political, business, social groups and others . . ." to rent space in the Civic Center. *See* Original Civic Center Guidelines, *attached as* Exhibit A.

35.    The areas of the Civic Center available for rent include its auditorium (with capacity to accommodate approximately 150 people) lobby area, two multi-purpose rooms, and the grounds. *See id.*

36.    The Center has four additional multi-purpose rooms that are exclusively occupied.

37.    For approximately the last five years, an Episcopal Church has been renting a multi-purpose room in the Civic Center pursuant to a rental agreement with the Town.

38.    The Episcopal Church uses the Civic Center room for church office space, Vestry meetings, Bible studies, and theological training.

5

39.     The Episcopal Church placed a sign inside the Civic Center, outside its rented multi-purpose room, which says "The Episcopal Church on Edisto."

40.     Other renters with exclusive access to a multi-purpose room in the Civic Center include the Edisto Art Guild, Southern Community Services, and two Town of Edisto Beach staff members.

41.     Various other community groups and individuals have rented the Civic Center for a wide variety of events including wedding, birthday, and baby celebrations; Christmas parties; women's clubs; art guild events; bridge games; job fairs; a Bible study; a baptism celebration; a community blood drive; and various exercise classes.

42.      The general rental rates for the Civic Center are specified in the Edisto Beach Civic Center Fee Schedule.

### Redeemer Fellowship's Rental of the Civic Center

43.     On February 14, 2018, Cameron Andrews, a Redeemer Fellowship representative, contacted Kelly Moore, the Town's Special Projects Coordinator, and inquired about renting space at the Civic Center.

44.     Ms. Moore's job responsibilities include managing the Civic Center.

45.     On March 14, 2018, Mr. Andrews met with Ms. Moore and submitted an application for Redeemer Fellowship to rent space in the Civic Center for its Easter worship service on April 1, 2018.

46.     Ms. Moore approved Redeemer Fellowship's application and the Church paid $200 for the rental.

47.     On April 1, 2018, Redeemer Fellowship held its first worship service in the Civic Center auditorium.

6

48.    The Civic Center's auditorium suits the Church's needs for space and location.

49.    The Center also has a multipurpose room that would suffice for a church office.

50.    On April 9, 2018, Redeemer Fellowship submitted a request for use of the Civic Center which included use of the auditorium and one multi-purpose office room. *See* Redeemer Fellowship Proposal, *attached as* Exhibit B.

51.    Ms. Moore told Mr. Andrews that the request would need to be approved by the Town Council.

52.    On April 13, 2018, Redeemer Fellowship contacted Kelly Moore again requesting to use the Civic Center auditorium for its May 6, 2018, worship service.

53.    Kelly Moore approved the request for use of the Civic Center on May 6, 2018, without the submission of another application and Redeemer Fellowship paid the Town a fee of $200.

54.    On May 3, 2018, Redeemer Fellowship paid an additional $300 to reserve the Civic Center auditorium for its worship service on June 3, 2018.

55.    On May 6, 2018, Redeemer Fellowship held its second worship service in the Civic Center's auditorium.

**Denial of Redeemer Fellowship's Request to Rent the Civic Center**

56.    On May 10, 2018, the Town Council met to discuss whether to approve or deny Redeemer Fellowship's request to use the Civic Center for worship services.

57.    At that meeting, the Town Attorney advised the Town Council to reject the Church's proposal and to amend the Edisto Beach Civic Center Facility Use Guidelines to prohibit rentals for religious worship services so not to violate the Establishment Clause. *See* May 10, 2018, Town Council Meeting Minutes, *attached as* Exhibit C.

58.     On May 10, 2018, the Town Council unanimously denied the Church's request for use of the Civic Center and voted to amend the Edisto Beach Civic Center Facility Use Guidelines to prohibit rental of the Civic Center for religious worship services. *See id.*

59.     Following the May 10, 2018 meeting, Ms. Moore advised the Church that its rental request had been denied.

60.     Moore stated that the Town Council, upon the advice of Town Attorney Bert Duffie, voted to prohibit rentals of the Civic Center for religious worship services.

61.      Moore refunded the Church's $300 payment for the upcoming June 3, 2018 rental.

62.     Moore also informed Redeemer Fellowship that it was still on the Civic Center's list to rent a multipurpose room for church office space, even though its request to use space in the Center for worship was denied.

63.     On June 14, 2018, the Town Council officially amended the Edisto Beach Civic Center Facility Use Guidelines by unanimous vote, prohibiting rental of the Civic Center for "religious worship services." *See* June 14, 2018, Town Council Meeting Minutes, *attached as* Exhibit D; *see also* Amended Civic Center Guidelines, *attached as* Exhibit E.

64.     To date, Redeemer Fellowship has pursued other options to rent space on Edisto Island, but has been unable to locate another suitable rental space.

65.     As a result, Redeemer Fellowship is continuing to meet for its worship services in the garage space underneath a stilt home near the Town of Edisto Beach.

66.     The Church desires to use the Civic Center in the future and is willing to pay the rate listed in the Edisto Beach Civic Center Fee Schedule.

## ALLEGATIONS OF LAW

67.     All acts of the Defendant, its officers, agents, servants, employees, or persons acting at their behest or direction, were done and are continuing to be done under the color and pretense of state law, including the ordinances, regulations, customs, policies and usages of the Town of Edisto Beach, South Carolina.

68.     Redeemer Fellowship has no adequate or speedy remedy at law to correct or redress the deprivations of its constitutional rights by the Town.

69.     Unless and until enforcement of the Town's determinations and Amended Guidelines are enjoined, Redeemer Fellowship will continue to suffer irreparable injury to its constitutional rights.

70.     The Town's unequal treatment and discrimination against Redeemer Fellowship, through its Amended Guidelines and determinations of its officers, agents, servants, employees, or persons acting at their behest or direction, has caused Redeemer Fellowship to suffer damages.

## COUNT I – VIOLATION OF THE RIGHT TO FREE SPEECH UNDER THE UNITED STATES CONSTITUTION

71.     Redeemer Fellowship hereby reiterates and adopts each and every allegation in the preceding paragraphs 1-70.

72.     The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, violate the Free Speech Clause of the First Amendment to the United States Constitution as incorporated and applied to the states through the Fourteenth Amendment.

73.     Worship is protected First Amendment speech.

9

74.     The Town has created a public forum by purposefully opening the Civic Center to the public and making it generally available for expressive activity.

75.     The Church's desire to use the Civic Center for religious worship services is consistent with the Edisto Beach Civic Center Facility Use Guidelines which welcomes "civic, political, business, social groups and others" to the facility.

76.     The Town's determinations and Amended Guidelines, both facially and as applied, operate as a prior restraint on speech because the Church and other religious organizations must affirm that they will not use the Civic Center for worship in order for their application to be considered.

77.     The Town's determinations and Amended Guidelines, both facially and as applied, are content-based restrictions on speech, because they require government officials to review the content of speech and other expressive activity to determine whether the rental request will be for religious worship services.

78.     The Town's determinations and Amended Guidelines, both facially and as applied, discriminate based on viewpoint, because they allow secular groups to engage in singing, teaching, social interaction, and similar expressive activities in the Civic Center, but deny access to those groups that engage in those same activities from a religious viewpoint.

79.     Viewpoint restrictions in any fora are unconstitutional.

80.     The Town's determinations and Amended Guidelines, both facially and as applied, are overbroad because they sweep within their ambit protected First Amendment speech, thus violating the rights of Redeemer Fellowship and other religious organizations.

81.     The Town's determinations and Amended Guidelines grant the Town unbridled discretion to determine which individual or group's actions constitute religious worship.

82.    There is no compelling government interest sufficient to justify prohibiting religious worship services in the Civic Center.

83.    The Town's determinations and Amended Guidelines, facially and as applied, are not narrowly tailored to further any purported government interest.

84.    The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, are not the least restrictive means to accomplish any permissible government purpose sought to be served by the Amended Guidelines.

85.    The Town's determinations and Amended Guidelines, facially and as applied, are not even reasonable.

86.    The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, do not leave open ample alternative channels of communication.

WHEREFORE, Redeemer Fellowship respectfully requests that the Court grant the equitable and legal relief and damages set forth in the prayer for relief.

## COUNT II – VIOLATION OF THE RIGHT TO FREE EXERCISE OF RELIGION UNDER THE UNITED STATES CONSTITUTION

87.    Redeemer Fellowship hereby reiterates and adopts each and every allegation in the preceding paragraphs 1-86.

88.    The Town's determinations and Amended Guidelines prohibiting the rental of the Civic Center for religious worship services, both facially and as applied, violate Redeemer Fellowship's right to free exercise of religion, as guaranteed by the First Amendment to the United States Constitution.

89.    Redeemer Fellowship believes its congregants are to regularly assemble with others to pray, study the Bible, sing religious songs, and share biblical insight.

90.    Redeemer Fellowship's religious beliefs are sincerely and deeply held.

91.    The religious beliefs and practice of Redeemer Fellowship and its congregants are burdened by the Town's determinations and Amended Guidelines, both facially and as applied, that single out religious worship services from the forum.

92.    The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, facially and as applied, are neither neutral nor a law of general applicability, because secular and religious groups are permitted to rent the Civic Center but religious worship services are excluded.

93.    The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, are neither neutral nor a law of general applicability because only religious content and expression is singled out for disfavored treatment.

94.    The Town's determinations and Amended Guidelines prohibiting the rental of the Civic Center for religious worship services, both facially and as applied, discriminatorily target religious exercise.

95.    The Town's determinations and Amended Guidelines, facially and as applied, evidence hostility towards religion.

96.    There is no compelling government interest sufficient to justify prohibiting religious worship services in the Civic Center.

97.     The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, are not the least restrictive means to accomplish any permissible government purpose sought to be served by the worship ban.

98.     The Town's determinations and Amended Guidelines prohibiting the rental of the Civic Center for religious worship services, facially and as applied, are not narrowly tailored as required for restrictions on Redeemer Fellowship's free exercise of religion.

WHEREFORE, Redeemer Fellowship respectfully requests that the Court grant the equitable and legal relief and damages set forth in the prayer for relief.

## COUNT III – VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE UNITED STATES CONSTITUTION

99.     Redeemer Fellowship hereby reiterates and adopts each and every allegation in the preceding paragraphs 1-98.

100.     The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, impermissibly discriminate among religious sects and practices because they treat Redeemer Fellowship and its religious practices less favorably than other religions with sincerely-held religious beliefs and practices that do not require its followers to gather together for religious worship services.

101.     The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, facially and as applied, are hostile toward religion because they treat Redeemer Fellowship and its religion less favorably than other groups that are permitted to rent the Civic Center.

102.    To determine whether Redeemer Fellowship is using the Civic Center for a religious worship service, the Town must analyze the content of speech and other expressive activity.

103.    Obtaining sufficient information for the Town to analyze the content of speech and other expressive activity of Redeemer Fellowship requires ongoing, comprehensive government surveillance that impermissibly entangles the Town with religion in violation of the Establishment Clause.

104.    The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, entangle the Town with religion because government officials must make judgments regarding which religious activities constitute religious worship, and which ones do not. The Establishment Clause of the United States Constitution does not compel the Defendant's policy and practice to exclude religious worship services from the Civic Center.

WHEREFORE, Redeemer Fellowship respectfully requests that the Court grant the equitable and legal relief and damages set for in the prayer for relief.

### COUNT IV – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION

105.    Redeemer Fellowship hereby reiterates and adopts each and every allegation in the preceding paragraphs 1-104.

106.    The Church's right to equal protection under the laws is protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

107.    The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, are unconstitutional abridgments of the Church's affirmative right to equal protection of the laws, are not facially neutral, and specifically target the Church's religious viewpoints and speech.

108.    The Town's determinations and Amended Guidelines, facially and as applied, are unconstitutional abridgments of the Church's right to equal protection of the law because they treat the Church differently from similarly-situated individuals or groups on the basis of the Church's religious content and expression.

109.    The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, treat religious individuals and groups less favorably than secular individuals and groups that are permitted to gather, socialize, speak, and sing in the Civic Center.

110.    The Town's determinations and Amended Guidelines, facially and as applied, are not supported by a compelling governmental interest sufficient to justify their enactment or enforcement against the Church.

111.    The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, are not the least restrictive means to accomplish any permissible government interest sought to be served by the amendment.

112.    The Town's determinations and Amended Guidelines, facially and as applied, do not serve a significant government interest.

113.    The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, are irrational and

15

unreasonable, and impose irrational and unjustifiable restrictions on constitutionally protected speech.

WHEREFORE, Redeemer Fellowship respectfully requests that the Court grant the equitable and legal relief and damages set forth in the prayer for relief.

### COUNT V – VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION

114.    Redeemer Fellowship hereby reiterates and adopts each and every allegation in the preceding paragraphs 1-113.

115.    The Fourteenth Amendment of the United States Constitution's right to due process protects the Church's rights against the Town's vague, arbitrary, irrational, and unjustifiable determinations and Amended Guidelines.

116.    The Town's Amended Guidelines welcoming "civic, political, business, social groups and others" are unconstitutionally vague.

117.    The Town's determinations and Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, are also vague in that they ban religious worship services but fail to define what constitutes a religious worship service.

118.    The Town's Amended Guidelines prohibiting rental of the Civic Center for religious worship services, both facially and as applied, give the Town unbridled discretion to determine whether the Church and other religious organizations are engaged in religious worship services.

119.    The Church is suffering immediate, ongoing, and irreparable harm as a result of the Town's deprivation of its constitutional rights without due process.

16

120.    The Town, through its determinations and Amended Guidelines, has caused and will continue to cause, the Church to suffer undue and actual hardship and irreparable injury.

121.    The Church has no adequate remedy at law to correct the continuing deprivations of the Church's most cherished constitutional liberties.

122.    As a direct and proximate result of the Town's continuing violations of the Church's rights, the Church has in the past and will continue to suffer in the future direct and consequential damages, including but not limited to, the loss of the ability to exercise its constitutional rights.

WHEREFORE, Redeemer Fellowship respectfully requests that the Court grant the equitable and legal relief and damages set forth in the prayer for relief.

## **PRAYER FOR RELIEF**

Redeemer Fellowship of Edisto Island prays for judgment as follows:

A.      That this Court immediately issue a Preliminary and Permanent Injunction against the Defendant, Defendant's officers, agents, employees and all other persons acting in active concert with them, ordering them to permit Redeemer Fellowship and other groups to meet in the Edisto Beach Civic Center for religious worship services containing religious content or viewpoint, on the same terms and conditions as all other groups.

B.      That this Court declare that the Defendant is engaged in content-based discrimination against Redeemer Fellowship in violation of the First Amendment to the United States Constitution.

C.      That this Court declare that the Defendant is engaged in viewpoint-based discrimination against Redeemer Fellowship in violation of the First Amendment to the United States Constitution.

17

D.      That this Court declare that the Defendant is violating Redeemer Fellowship's right to free exercise of religion under the First Amendment to the United States Constitution.

E.      That this Court declare that Defendant is violating Redeemer Fellowship's rights under the Establishment Clause of the First Amendment to the United States Constitution.

F.      That this Court declare that Defendant violated Redeemer Fellowship's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

G.      That this Court declare that Defendant violated Redeemer Fellowship's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

H.      That this Court award damages to Redeemer Fellowship.

I.      That this Court award Redeemer Fellowship its costs of litigation, including reasonable attorneys' fees and expenses.

J.      That this Court grant such other and further relief as this Court deems just and proper.

Dated this 27th day of August, 2018.

Respectfully submitted,

*s/ Matthew G. Gerrald*

Matthew G. Gerrald
SC Bar # 76236
District Court ID #10055
BARNES, ALFORD, STORK & JOHNSON, LLP
1613 Main Street
Columbia, SC 29201
Telephone: (803) 315-4351
Fax: (803) 254-1335
Email: matt@basjlaw.com

Christiana M. Holcomb*
DC Bar # 176922
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: cholcomb@ADFlegal.org

Erik W. Stanley*
AZ Bar # 030961
Kyle McCutcheon*
AZ Bar # 032310
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: estanley@ADFlegal.org
Email: kmccutcheon@ADFlegal.org

*Counsel for Plaintiff*

*\*Pro Hac Vice Motions forthcoming*

## VERIFICATION OF COMPLAINT

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint and the factual allegations thereof and that to the best of my knowledge the facts alleged therein are true and correct.

Executed this 22 day of August, 2018.


_____
Robin Heath
Pastor
Redeemer Fellowship of Edisto Island

20