IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| REDEEMER FELLOWSHIP OF EDISTO ISLAND, <br><br> PLAINTIFF, <br><br> v. <br><br> TOWN OF EDISTO BEACH, SOUTH CAROLINA, <br><br> DEFENDANT. | Civil Action No.: 2:18-cv-02365-DCN <br><br> **DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Defendant Town of Edisto Beach, South Carolina (the "Town"), by and through its undersigned attorneys, hereby files its Supplemental Memorandum in Opposition to Plaintiff Redeemer Fellowship of Edisto Island's ("Redeemer Fellowship") Motion for Preliminary Injunction on the grounds that the Town has rescinded the prohibition of the use of the Edisto Beach Civic Center (the "Civic Center") for "religious worship services" which was the clause at the center of this lawsuit. Redeemer Fellowship previously filed a Motion for a Preliminary Injunction seeking to prohibit the Town from enforcing or applying the prohibition on "religious worship services" at the Civic Center. A hearing on the Motion for a Preliminary Injunction was heard before this Court on November 29, 2018. A ruling on the motion is still pending. The Town files this Supplemental Memorandum to show that the Motion for a Preliminary Injunction is now **moot** for the reasons set forth below.

On December 13, 2018, the Town adopted a Resolution rescinding the exclusion of "religious worship services" from within the Civic Center. A copy of the executed Resolution is attached hereto as Exhibit "**A**."

1

The Town's adoption of this Resolution resolves the issues raised by the Motion for a Preliminary Injunction as Redeemer Fellowship only sought in the motion to annul the prohibition of the use of the Civic Center for "religious worship services." The repeal of the prohibition of the use of the Civic Center for "religious worship services" renders the Motion for a Preliminary Injunction moot.

"Federal courts have no power to hear moot cases." Brooks v. Vassar, 462 F.3d 341, 348 (4th Cir. 2006). This general rule mandates that "when the circumstances change from the time the suit is filed" such that there is "no effective relief to offer, the controversy is no longer live and must be dismissed as moot." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (quoting Cnty. Motors v. Gen. Motors Corp., 278 F.3d 40, 43 (1st Cir. 2002)) (internal quotation marks omitted). When the claimant receives the relief it sought to obtain through the claim, the case is moot. Id. Similarly, in the context of declaratory judgments, an actual controversy must exist and federal courts "do not render advisory opinions." Golden v. Zwickler, 394 U.S. 103, 108 (1969) (quoting United Pub. Workers of Am. (C.I.O) v. Mitchell, 330 U.S. 75, 89 (1947)). Furthermore, "[t]he complete repeal of a challenged statute naturally renders a request for an injunction against application of that statute moot." Rembert v. Sheahan, 62 F.3d 937, 940 (7th Cir. 1995); see also American Freedom Defense Initiative v. Metro. Transp. Auth., 109 F. Supp.3d 626 (S.D.N.Y. 2015) (Metropolitan Transportation Authority's revision of its regulations to prohibit the display of all political advertisements rendered preliminary injunction moot).

The Town recognizes the case law holding that "[v]oluntary cessation of the activity in question will typically not moot a case or controversy." Evans v. City of Columbia, C/A No. 3:11–cv–826, 2011 WL 6182089, at * 2 (D.S.C. Dec. 13, 2011) (citing Parents Involved in

Cmty. Schs. v. Seattle Sch. Dist. 1, 551 U.S. 701, 719 (2007)). In those cases, the defendant bears the burden of demonstrating that "'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" Parents Involved, 551 U.S. at 719 (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189, (2000)).

There is, however, an exception to this general rule. "When a legislature amends or repeals a statute, a case challenging the prior law can become moot 'even where re-enactment of the statute at issue is within the power of the legislature.'" Brooks, 462 F.3d at 348 (quoting Am. Legion Post 7, 239 F.3d at 606); see also Doe v. Shalala, 122 F. App'x 600, 602 (4th Cir. 2004). ("In general, the amendment, repeal, or expiration of a statute moots any challenge to that statute.").

Under such circumstances, the court should hold that the case is not moot "[o]nly if reenactment is not merely possible but appears **probable**." Brooks, 462 F.3d at 348 (citing Am. Legion Post 7, 239 F.3d at 606) (emphasis added). The Fourth Circuit has held that a case was moot where there was "no reasonable expectation" that a city would reenact a disputed ordinance. Reyes v. City of Lynchburg, 300 F.3d 449, 453 (4th Cir. 2002); see also Chapin Furniture Outlet Inc. v. Town of Chapin, 252 F. App'x 566, 567 (4th Cir. 2007) (per curiam) (finding a challenge to a town ordinance moot where the town assured the court that it would not reenact the ordinance). In these cases, the "practical likelihood of reenactment" forms the key inquiry. Am. Legion Post 7, 239 F.3d at 606; see also Shalala, 122 F. App'x 600 at 602 (observing that a determination that a case is not moot after a statute is repealed is "generally limited to the circumstance, and like circumstances, in which a defendant openly announces its

3

intention to reenact precisely the same provision held unconstitutional below") (internal citations omitted).

Here, the Town's action in rescinding the prohibition on the use of the Civic Center for "religious worship services" via enactment of the attached Resolution renders the Motion for a Preliminary Injunction moot.  The enactment of the Resolution to lift the ban on "religious worship services" at the Civic Center qualifies as a formal rescission of the prior prohibition of "religious worship services" at the Civic Center; therefore, the burden on defendants in voluntary cessation situations does not apply.  Evans, 2011 WL 6182089, at * 3 (citing Parents Involved, 551 U.S. at 719).   The Motion for a Preliminary Injunction is moot unless "reenactment is not merely possible but appears probable." See Brooks, 462 F.3d at 348.

The Town's actions here do not demonstrate a practical likelihood of reenactment.   The Town has enacted a Resolution affirmatively declaring that it is rescinding the exclusion of "religious worship services" within the Civic Center and is now utilizing the original Facility Use Guidelines (attached to the Resolution) which did not prohibit use of the Civic Center for "religious worship services."   The Town also indicated in its Resolution that its prior decision to prohibit use of the Civic Center for "religious worship services" was not motivated by any hostility toward any religion but was done solely to curtail the Town's risk for liability under the Establishment Clause of the First Amendment.   Those concerns have been addressed, and the Town intends to move forward and permit "religious worship services" at the Civic Center to the extent applicants for such services comply with the provisions of the original Facility Use Guidelines and pay the appropriate rental fees per the Fee Schedule just as any other applicant is required to do.  See American Freedom Defense Initiative, 109 F. Supp.3d at 630 ("Some

deference must be afforded to the representations of a public authority that certain conduct has been discontinued.").

Therefore, because the Town does not intend to reenact the prohibition of "religious worship services" at the Center, the Motion for a Preliminary Injunction is moot and should be denied. See Am. Legion Post 7, 239 F.3d at 605-06 (city's amending a zoning ordinance alleged to violate the First Amendment mooted the plaintiff's challenge to the ordinance, because there was "little likelihood" that the city would revive the original ordinance); Shalala, 122 F. App'x at 600-04 (action seeking declaration that embryos were entitled to protection under federal constitution and permanent injunction against embryonic stem cell experimentation rendered moot by subsequent adoption of new federal policy); Evans, 2011 WL 6182089, at * 3 (dismissing case as moot where City of Columbia rescinded contested voting procedures and reenactment of such procedures was not probable).

Accordingly, for the reasons set forth herein, the Town respectfully requests this Court to deny Redeemer Fellowship's Motion for a Preliminary Injunction on the grounds that the motion is moot.

Respectfully submitted this 14th day of December, 2018.

**RICHARDSON, PLOWDEN & ROBINSON, P.A.**

By: s/ Drew Hamilton Butler
Drew Hamilton Butler (Federal ID # 8083)
John H. Guerry (Federal ID # 12155)
171 Church St., Suite 150
Charleston, South Carolina 29401
dbutler@richardsonplowden.com
jguerry@richardsonplowden.com
Phone: (843) 805-6550

*Attorneys for Town of Edisto Beach*